IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

RONALD LEE MANNING,                )
                                   )
          Petitioner,              )
                                   )
     v.                            )     CIV 08-8149 PCT MHM (MEA)
                                   )
CHARLES L. RYAN and                )     REPORT AND RECOMMENDATION
ARIZONA ATTORNEY GENERAL,          )
                                   )
          Respondents.             )
_____    )

**TO THE HONORABLE MARY H. MURGUIA:**

On or about November 14, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 14) on April 1, 2009. Petitioner filed a reply to the answer on June 19, 2009. <u>See</u> Docket No. 19.

**I Procedural History**

Petitioner and five co-defendants were charged with one count of conspiracy to commit first degree murder and one count of conspiracy to commit first degree escape in an indictment filed in Mohave County Superior Court on June 22, 2000. <u>See</u> Answer, Exh. A. Petitioner was also charged with theft of a gun and misconduct involving weapons. <u>Id.</u>, Exh. A. The charges

arose from a thwarted "jailbreak" of an inmate from the Mohave County Detention Center on June 12, 2000. Id., Exh. A.[1] Petitioner was not the incarcerated individual who was to be freed from the detention center pursuant to the conspiracy.[2]

Petitioner and three of his co-defendants, Tracy Date, Eugene Cofsky, and Sheri Cofsky, were tried together. See Answer, Exh. B. In a verdict entered January 26, 2001, Petitioner, Tracy Date, and Eugene Cofsky were found guilty of conspiracy to commit first degree murder and conspiracy to commit first degree escape. Id., Exh. B. The fourth defendant, Sheri Cofsky, was acquitted on all charges. Id., Exh. B. Additionally, the jury found Petitioner guilty of weapons misconduct and acquitted Petitioner and Tracy Date on the charge of theft. Id., Exh. B.

On March 30, 2001, Petitioner was sentenced to life in prison without the possibility of parole for twenty-five years pursuant to his conviction for conspiracy to commit first degree murder. Id., Exh. C. Petitioner was also sentenced to a concurrent term of eight years incarceration pursuant to his conviction on the charge of conspiracy to commit escape, and to

---

[1] The specifics of the events are presented in great detail in Cofsky v. Schriro, 2009 WL 733869 (D. Ariz.), Docket No. 07-8126 PCT FJM LOA.

[2] An inmate at the Mohave County jail overheard two other inmates, David Goldberg and Dennis Schilinsky, discussing the escape of Mr. Goldberg, which including killing a guard if necessary. The inmate reported what he overheard to officers. Mr. Schilinsky was transferred to a Las Vegas jail, where he discussed the impending escape of Mr. Goldberg with an inmate at that facility, who also reported the information to authorities. See Answer, Exh. E.

a concurrent term of six years pursuant to his conviction for weapons misconduct.  <u>Id.</u>, Exh. C.

Petitioner took a timely direct appeal of his convictions and sentences.  <u>Id.</u>, Exh. D.  Petitioner alleged the trial court erred by not entering a directed verdict on the conspiracy charges based on insufficient evidence.  Petitioner further asserted the trial court erroneously instructed the jury.  Petitioner also argued the trial court erred by admitting hearsay testimony regarding the statements of a co-conspirator.  Additionally, Petitioner maintained he was entitled to relief because the trial court erroneously denied his motion for a change of venue.  Petitioner also asserted in his direct appeal that the trial court erred by denying a motion to suppress evidence resulting from a traffic stop.  <u>Id.</u>, Exh. D.

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences for conspiracy to commit first degree murder and weapons misconduct in a memorandum decision.  <u>Id.</u>, Exh. E.  However, the Court of Appeals vacated Petitioner's conviction for conspiracy to commit escape.  <u>Id.</u>, Exh. E at 7-8.

Petitioner sought review of the Court of Appeals' decision, to the extent his claims were denied, by the Arizona Supreme Court.  <u>Id.</u>, Exh. F.  The Arizona Supreme Court denied review in the direct appeal on January 8, 2003.  <u>Id.</u>, Exh. G.  Petitioner sought certiorari, which was denied by the United States Supreme Court on May 27, 2003.  <u>See</u> <u>Manning v. Arizona</u>, 538 U.S. 1064 (2003).

-3-

Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on June 27, 2003. Answer, Exh. H. Petitioner was appointed counsel to represent him in his Rule 32 proceedings. Id., Exh. I.

Petitioner's Rule 32 counsel filed a motion in that action, seeking to change the trial judge assigned to the case, Judge Conn. Id., Exh. I. Counsel argued in the motion that Judge Conn should be removed from the case for cause. Id., Exh. I. An evidentiary hearing regarding the motion was conducted before Judge Weiss on April 22, 2004. Id., Exh. J. The motion for a change of judge in Petitioner's Rule 32 proceedings was denied. Id., Exh. J & Exh. K.

Petitioner's appointed Rule 32 counsel filed a brief in support of Petitioner's substantive claims for relief on March 14, 2005. Id., Exh. L. Petitioner asserted, *inter alia*, that his trial counsel's performance was unconstitutionally ineffective. Id., Exh. L. Petitioner alleged his trial counsel failed to advise Petitioner of a plea offer, which offer Petitioner asserts he would have accepted. Id., Exh. L. Petitioner also alleged counsel's performance was deficient because counsel failed to challenge the allegedly multiplicitous indictment and because counsel failed to object to Petitioner appearing in front of the jury in shackles.

The state trial court denied relief on the merits of all of Petitioner's Rule 32 claims, except his claim that trial counsel did not inform him of a plea agreement. Id., Exh. M.

-4-

The trial court concluded that, because Petitioner stood convicted of only one conspiracy crime, Petitioner's claim regarding the multiplicitous indictment and his counsel's failure to object thereto did not provide a basis for relief. Id., Exh. M. Additionally, the state trial court noted that the jury had only seen Petitioner in shackles after it reached its verdict and, accordingly, counsel was not ineffective for his failure to object. Id., Exh. M.

After conducting an evidentiary hearing regarding Petitioner's claim that his trial counsel failed to advise him of a plea offer, the Mohave County Superior Court denied relief on this claim. Id., Exh. M, Exh. N, Exh. O. In its order denying this claim for post-conviction relief the trial court noted Petitioner's "well documented" "unwillingness" to accept a plea offer prior to his trial. Id., Exh. O. The trial court noted the testimony of Petitioner's trial counsel at the evidentiary hearing that counsel had informed Petitioner of a plea deal offering a maximum sentence of ten years imprisonment. Trial counsel testified that he had advised Petitioner to take the offer, and that Petitioner had not taken the offer because Petitioner believed he could prevail at trial. Id., Exh. O. In its written opinion denying Rule 32 relief the state trial court discussed its reasons for discounting Petitioner's testimony that he had not known of the plea offer. The state court found as a fact that Petitioner had known of the offer and rejected it. Id., Exh. O. Alternatively, the trial court found as a fact that Petitioner would not have accepted the offer. Id.,

-5-

Exh. O.

Petitioner sought review of the trial court's decision denying Rule 32 relief by the Arizona Court of Appeals. Id., Exh. P. The Arizona Court of Appeals denied relief in a summary decision issued October 22, 2007. Id., Exh. Q. Petitioner sought review by the Arizona Supreme Court, which denied review in a decision issued February 12, 2008. Id., Exh. S.

Petitioner contends he is entitled to federal habeas relief because:

1. The trial court erred when instructing the jury as to the treatment of multiple offenses as part of a single conspiracy. Petitioner asserts this error deprived him of his rights pursuant to the Fifth and Sixth Amendments to the United States Constitution.

2. The trial court erred by denying Petitioner's motion for a directed verdict on the conspiracy counts. Petitioner asserts this error deprived him of his rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. The trial court violated Petitioner's Fifth and Sixth Amendment rights by admitting the testimony of a co-conspirator, which testimony Petitioner asserts was hearsay.

4. The trial court violated Petitioner's Fifth and Sixth Amendment rights to a fair trial by denying his motion for a change of venue.

5. The trial court violated Petitioner's right to due process of law and his Fourth Amendment rights by denying his

motion to suppress evidence seized as the result of a traffic stop.

6. The trial court erred by allowing the prosecution to admit evidence without prior disclosure to the defense in violation of the Arizona Rules of Criminal Procedure and Petitioner's right to due process of law.

7. Petitioner asserts he was denied his right to the effective assistance of counsel because his trial attorney "improperly handled" a plea agreement providing for a sentence of ten years imprisonment.

8. Petitioner's counsel failed to object to an allegedly multiplicitous indictment, in violation of Petitioner's right to the effective assistance of counsel.

9. Petitioner's rights to due process and a fair trial were violated by Judge Conn's hearing of Petitioner's Rule 32 proceedings. Petitioner contends the judge should have recused himself because Judge Conn was a potential witness and because Judge Conn was biased.

10. Petitioner's counsel was unconstitutionally ineffective because counsel did not object to the jury instruction regarding the conspiracy charge.

11. Petitioner's trial counsel was ineffective for failing to call a particular witness.

12. Petitioner's counsel "improperly litigated" the admission of hearsay testimony at Petitioner's trial.

13. "Petitioner is entitled to relief from his convictions pursuant to [Arizona v. Evanchyk and Arizona v.

Phillips]."

2   14. Petitioner's counsel was unconstitutionally
3 ineffective because counsel failed to prevent or object to
4 Petitioner's appearance before the jury in shackles.

5   15. Petitioner's appellate counsel was
6 unconstitutionally ineffective because he failed to properly
7 argue an absence of the requisite mens rea.

8   16. Petitioner's appellate counsel's performance was
9 unconstitutionally deficient appellate counsel erred by failing
10 to supplement his arguments with citations to Evanchyk and
11 Phillips, which were decided while Petitioner's appeal was
12 pending.

13  **II. Analysis**

14  **A. Exhaustion and procedural default**

15   The District Court may only grant federal habeas relief
16 on the merits of a claim which has been exhausted in the state
17 courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.
18 Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-
19 30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a
20 federal habeas claim, the petitioner must afford the state the
21 opportunity to rule upon the merits of the claim by "fairly
22 presenting" the claim to the state's "highest" court in a
23 procedurally correct manner. See, e.g., Castille v. Peoples,
24 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose

25

26

27

28     -8-

v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[3]

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In order to fulfill exhaustion requirements, a petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14 (1971). "[S]tate courts have been given a sufficient opportunity to hear

---

[3] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2009).

an issue when the petitioner has presented the state court with the issue's factual and legal basis." Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state constitutional right or state law, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351; Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). See also Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007), cert. denied, 128 S. Ct. 1227 (2008). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277-78, 92 S. Ct. at 512-13, they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2009). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is

-10-

satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts.  See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006); Castille, 489 U.S. at 351, 109 S. Ct. at 1060.  If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.  See, e.g., Woodford, 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.  See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988).  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule.  See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002).  "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'"  Ellis, 222 F.3d at 632, quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona courts. <u>See</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665 (9th Cir. 2005); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002)**.** <u>See</u> <u>also</u> <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); <u>Ortiz v. Stewart</u>, 149 F.3d 923, 931-32 (9th Cir. 1998).

## B. Cause and prejudice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. <u>See</u> <u>Dretke v. Haley</u>, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); <u>Schlup v. Delo</u>, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); <u>Murray v. Carrier</u>, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. <u>See</u> <u>Murray</u>, 477 U.S. at 485-86, 106 S. Ct. at 2649; <u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice

-12-

relief).   To satisfy the "fundamental miscarriage of justice"
standard, a petitioner must establish by clear and convincing
evidence that no reasonable fact-finder could have found him
guilty of the offenses of conviction.   See Dretke, 541 U.S. at
393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-
43 (9th Cir. 2001).

**C. Standard of review regarding habeas claims properly exhausted in the state courts**

The Court may not grant a writ of habeas corpus to a
state prisoner on a claim adjudicated on the merits in state
court proceedings unless the state court reached a decision
contrary to clearly established federal law, or one involving an
unreasonable application of clearly established federal law, or
unless the state court's decision was based on an unreasonable
determination of the facts in light of the evidence presented in
the state proceeding.   See 28 U.S.C. § 2254(d) (1994 & Supp.
2009); Carey v. Musladin, 549 U.S. 70, 74-75, 127 S. Ct. 649,
653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir.
2009).

Factual findings of a state court are presumed to be
correct and can be reversed by a federal habeas court only when
the federal court is presented with clear and convincing
evidence.   See Miller-El v. Dretke, 545 U.S. 231, 240, 125 S.
Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340,
123 S. Ct. 1029, 1041 (2003); Stenson v. Lambert, 504 F.3d 873,
881 (9th Cir. 2007).   The "presumption of correctness is equally
applicable when a state appellate court, as opposed to a state

trial court, makes the finding of fact." <u>Sumner v. Mata</u>, 455
U.S. 591, 593, 102 S. Ct. 1303, 1304-05 (1982).

### The "contrary to federal law" test

A state court decision is contrary to federal law if it
applied a rule contradicting the governing law of Supreme Court
opinions, or if it confronts a set of facts that is materially
indistinguishable from a decision of the Supreme Court but
reaches a different result. <u>See</u> <u>Yarborough v. Alvarado</u>, 541
U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004); <u>Brown v. Payton</u>,
544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); <u>Williams v.</u>
<u>Taylor</u>, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519 (2000). For
example, a state court's decision is considered "contrary to
federal law" if the state court erroneously applied the wrong
standard of review or an incorrect test to a claim. <u>See</u> <u>Knowles</u>
<u>v. Mirzayance</u>, 129 S. Ct. 1411, 1419 (2009) (stating the Ninth
Circuit Court of Appeals erred in finding a habeas petitioner
entitled to relief on an ineffective assistance of counsel claim
because the Ninth Circuit should not have reversed the state
court based on its failure to apply a "nothing to lose" test to
a claim properly analyzed pursuant to <u>Strickland v. Washington</u>);
<u>Wright v. Van Patten</u>, 552 U.S. 120, 124-25, 128 S. Ct. 743, 746-
47 (2008). <u>See</u> <u>also</u> <u>Frantz v. Hazey</u>, 533 F.3d 724, 737 (9th
Cir. 2008) (en banc); <u>Bledsoe v. Bruce</u>, 569 F.3d 1223, 1233
(10th Cir. 2009).

### The "unreasonable application" test

"A state determination may be set aside under this
standard if, under clearly established federal law, the state

-14-

court was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled." Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered *objectively unreasonable*. Williams, 529 U.S. at 409, 120 S. Ct. at 1521; Carey, 549 U.S. at 74-75, 127 S. Ct. at 653. An unreasonable application of law is different from an incorrect one. See Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 1850 (2002); Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005). Furthermore, only United States Supreme Court holdings, and not dicta or concurring opinions, at the time of the state court's decision are the source of "clearly established federal law" for the purpose of the "unreasonable application" prong of federal habeas review. Williams, 529 U.S. at 412, 120 S. Ct. at 1523; Carey, 549 U.S. at 74, 127 S. Ct. at 653. Unless United States Supreme Court precedent has clearly established a rule of law, the writ will not issue based on a claimed violation of that rule, see Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001), because federal courts are "without the power" to extend the law beyond Supreme Court precedent. See Dows v. Wood, 211 F.3d 480, 485 (9th Cir. 2000).[4]

---

[4] The Ninth Circuit Court of Appeals has stated: "A state court's decision may be an 'unreasonable application' of Federal law if it 'extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.' Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002)." Cook v. Schriro, 538 F.3d 1000, 1015 (9th Cir. 2008), cert. denied, 129 S. Ct. 1033 (2009).

-15-

Accordingly, if the Supreme Court has not addressed an issue in its holdings, the state court's adjudication of the issue cannot be an unreasonable application of clearly established federal law. See Stenson, 504 F.3d at 881, citing Kane v. Espitia, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006).[5] If the issue raised by the petitioner "is an open question in the Supreme Court's jurisprudence," the Court may not issue a writ of habeas corpus on the basis that the state court unreasonably applied clearly established federal law by rejecting the precise claim presented by the petitioner. Cook v. Schriro, 538 F.3d 1000, 1016 (9th Cir. 2008), cert. denied, 129 S. Ct. 1033 (2009); Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007), cert. denied, 128 S. Ct. 2961 (2008).

> A state court decision constitutes an unreasonable application of Supreme Court precedent only if the state court decision is objectively unreasonable. That is, the state court decision must be "more than incorrect or erroneous." Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005). Whether a state court's application of a rule is reasonable depends on the specificity of the rule. Yarborough v. Alvarado, 541 U.S. 652, 663,

---

[5]

> The federal appellate courts have split on whether Faretta, which establishes a Sixth Amendment right to self-representation, implies a right of the pro se defendant to have access to a law library.[]. That question cannot be resolved here, however, as it is clear that Faretta says nothing about any specific legal aid that the State owes a pro se criminal defendant. The ... court below therefore erred in holding, based on Faretta, that a violation of a law library access right is a basis for federal habeas relief.

Kane v. Espitia, 546 U.S. 9, 10-11, 126 S. Ct. 407, 408-09 (2005).

-16-

124 S. Ct. 2140, [] (2004). Where the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established federal law. <u>Kane v. Espitia</u>, 546 U.S. 9, 9, 126 S. Ct. 407, [] (2006). Accordingly, Stenson is not entitled to habeas relief under 28 U.S.C. § 2254(d)(1) unless the Washington court's decision "was contrary to or involved an unreasonable application of [the Supreme Court's] applicable holdings." <u>Carey v. Musladin</u>, 549 U.S. 70, 127 S. Ct. 649, 653, [] (2006).

<u>Stenson</u>, 504 F.3d at 881.

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. <u>See</u> <u>Panetti v. Quarterman</u>, 551 U.S. 930, 951-52, 127 S. Ct. 2842, 2858-59 (2007); <u>Rompilla v. Beard</u>, 545 U.S. 374, 390, 125 S. Ct. 2456, 2467-68 (2005). <u>See also</u> <u>Larson v. Palmateer</u>, 515 F.3d 1057, 1061-62 (9th Cir.), <u>cert. denied</u>, 129 S. Ct. 171 (2008).

### D. Petitioner's claims for relief

**1. Petitioner asserts his constitutional rights were violated by his conviction on both conspiracy to commit murder and for conspiracy to commit escape. Petitioner alleges the trial court's failure to instruct the jury "as to the treatment of multiple offenses as the objective of the same conspiracy" violated his Fifth Amendment and Sixth Amendment rights.**

Respondents allow Petitioner properly exhausted this

claim in the state courts. In his direct appeal Petitioner asserted that two separate conspiracies were not established and, accordingly, that the trial court erred by instructing the jury on separate conspiracy counts. <u>See</u> Answer, Exh. D at 25. The Arizona Court of Appeals agreed that "there was only one conspiracy in this case...." <u>Id.</u>, Exh. E. Citing Arizona Revised Statutes Annotated § 13-1003(C),[6] the appellate court determined that, because "the most serious offense conspired to was First-Degree Murder....", the appropriate remedy for the error was to vacate Petitioner's conviction for conspiracy to commit escape. <u>Id.</u>, Exh. E at 7-8. Accordingly, Petitioner stands convicted of conspiracy to commit first degree murder and not convicted of conspiracy to commit escape.

The decision to vacate Petitioner's conviction for conspiracy was not contrary to clearly established federal law. An appropriate remedy for the result of Petitioner's standing convicted of two conspiracy crimes was to vacate the conviction and the concurrent sentence for the lesser-included offense.

In <u>Rutledge v. United States</u>, 517 U.S. 292, 116 S. Ct. 1241 (1996), the Supreme Court held that, where a defendant is found guilty of two offenses and one is a lesser included offense of the other, the remedy is for the trial court to vacate one of the underlying convictions and any sentence based

---

[6] This section provides: "A person who conspires to commit a number of offenses is guilty of only one conspiracy if the multiple offenses are the object of the same agreement or relationship and the degree of the conspiracy shall be determined by the most serious offense conspired to."

-18-

upon that conviction. <u>See</u> 517 U.S. at 1247-48, 1241 S. Ct. at 301-02.[7]  The Ninth Circuit previously recognized that, when a defendant has been convicted and sentenced on multiplicatus charges, "[t]he conviction as well as the sentence on one of the two multiplicatus counts must be vacated, to 'avoid both the punitive collateral effects of multiple convictions as well as the direct effects of multiple sentences.'"  <u>United States v. Alerta</u>, 96 F.3d 1230, 1239 (9th Cir. 1996), <u>overruled on other grounds by United States v. Nordby</u>, 225 F.3d 1053 (9th Cir. 2000).  <u>See also United States v. Davenport</u>, 519 F.3d 940, 947-48 (9th Cir. 2008).

Accordingly, the Arizona Court of Appeals' approach to Petitioner's dual convictions was clearly constitutionally permissible.  Any double jeopardy to which Petitioner was subjected was remedied and Petitioner is not being held in violation of this constitutional prohibition.  Petitioner was afforded the relief to which he was entitled and, therefore, he is not entitled to further relief based on his challenge to the indictment or based on the trial court's failure to instruct the jury regarding a single conspiracy with multiple offenses.

---

[7] In <u>United States v. Cabaccang</u>, a case concerning double jeopardy arising from conviction on a lesser included charge, the Ninth Circuit Court of Appeals concluded: "when a jury convicts on both a greater and a lesser included offense, <u>Rutledge</u> requires the district court to enter a final judgment of conviction on the greater offense and vacate the conviction of the lesser offense ...."  481 F.3d 1176, 1183 (2007).

**2. Petitioner contends the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights by not entering judgment of acquittal on the conspiracy counts.**

Respondents contend Petitioner did not properly exhaust this claim in the state courts by asserting that the failure to enter a directed verdict violated his federal constitutional rights.

On direct appeal, Petitioner argued that there was insufficient evidence to convict him of the conspiracy counts and that the trial court erred by denying his motion for a directed verdict of acquittal on these charges. Answer, Exh. D at 12-14. In this portion of his appellate brief Petitioner did not assert the violation of a federal constitutional right and did not cite to any federal legal opinion.

Petitioner did not properly exhaust this claim in the state courts by presenting it as a claim asserting the violation of a federal constitutional right. Because Petitioner procedurally defaulted this federal habeas claim in the state courts by failing to fairly present it to the state courts, relief on the merits of the claim may not be granted absent a showing of cause and prejudice for the procedural default.

In reply to the answer to his petition, Petitioner contends that his claims were never adjudicated "on the merits" by the state courts because he was not allowed to fully and fairly present his claims during an evidentiary hearing. Petitioner asserts that the state court's denial of his ineffective assistance of counsel claims was an abuse of the state court's discretion. Petitioner further alleges that his

unexhausted federal habeas claims were not raised in the state courts as asserting the violation of a federal constitutional right because his appellate counsel and post-conviction counsel's performance was unconstitutionally ineffective.

Petitioner has not established cause for his procedural default of some of his federal habeas claims in the state courts. Under the "cause and prejudice" test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent

-21-

constitutional violation"); <u>Deitz v. Money</u>, 391 F.3d 804, 809 (6th Cir. 2004) ("[a]ttorney error does not constitute cause to excuse a procedural default unless counsel's performance was constitutionally deficient."). The ineffective assistance of post-conviction counsel does not constitute cause because "the right to counsel does not extend to state collateral proceedings or federal habeas proceedings." <u>Martinez-Villareal v. Lewis</u>, 80 F.3d 1301, 1306 (9th Cir. 1996).

> "Cause" must be something external to the petitioner. [] Attorney ignorance or inadvertence is not cause, but attorney error rising to the level of an independent constitutional violation (in the form of ineffective assistance of counsel) does constitute cause. [] In several cases, we have rejected arguments similar to Moormann's on the ground that, because there is no Sixth Amendment right to counsel in state post-conviction proceedings, there can be no independent constitutional violation as a result of post-conviction counsel's incompetence.

<u>Moormann</u>, 426 F.3d at 1058 (internal citations omitted).

Petitioner has not shown cause and prejudice regarding this procedurally defaulted claim and, accordingly, the court should not consider the merits of the claim.

**3. Petitioner contends his Fifth and Sixth Amendment rights were violated when the trial court admitted hearsay statements by an alleged co-conspirator.**

Petitioner asserts that his Fifth and Sixth Amendment rights were violated by the trial court's admission of the testimony of Robert Olsen and David England, who testified as to the out-of-court statements of an alleged co-conspirator Dennis Schilinski. Petitioner raised this same claim in his direct

-22-

appeal. <u>See</u> Answer, Exh. D at 25. The Arizona Court of Appeals concluded that Mr. Schilinski's statements were made in furtherance of a conspiracy and, accordingly, that Mr. Olsen's and Mr. England's testimony as to what Mr. Schilinski said was not inadmissible hearsay. The state appellate court noted that, pursuant to Ariz. R. Evid. 801(d) (2) (E), statements made by a co-conspirator are not hearsay when "[t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Answer, Exh. D at 8. Additionally, the Arizona Court of Appeals noted that in his direct appeal Petitioner had not argued that Mr. Schilinski was not a member of a conspiracy to break Mr. Goldberg out of the Kingman jail, but rather that Mr. Schilinski's statements amounted to "mere bragging, not meant to further the conspiracy." <u>Id.</u>, Exh. D at 9. The Arizona Court of Appeals also concluded that "Schilinski only disclosed the actual details of the escape plan -- the timing, location, names of two of the men involved, and so forth -- in order to enlist the inmate's help in making bail so that Schilinski could participate in the jailbreak." <u>Id.</u>, Exh. D at 9. Therefore, the appellate court reasoned, the statements were made in "furtherance of the conspiracy," and therefore admissible as fitting a long-standing exception to the rule barring hearsay testimony.

The Arizona Court of Appeals' decision was not clearly contrary to federal law or an unreasonable application of Supreme Court precedent.

-23-

In <u>Ohio v. Roberts</u> the United States Supreme Court held hearsay statements are admissible if they fall within a firmly rooted exception to the hearsay rule or on a showing of particular indicia of reliability. <u>See</u> 448 U.S. 56, 66, 100 S. Ct. 2531, 2539 (1980), <u>abrogated</u> <u>by</u> <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S. Ct. 1354 (2004). The reliability requirement can be inferred where the evidence falls within a firmly rooted hearsay exception. <u>Idaho v. Wright</u>, 497 U.S. 805, 815, 110 S. Ct. 3139, 3146-47 (1990).[8] <u>See</u> <u>also</u> <u>Parle v. Runnels</u>, 387 F.3d 1030, 1037 (9th Cir. 2004). The Supreme Court has held that a firmly rooted exception to the hearsay rule permits admitting statements made by conspirators in furtherance of the conspiracy. <u>Bourjaily v. United States</u>, 483 U.S. 171, 183, 107 S. Ct. 2775, 2782-83 (1987) (holding the co-conspirator exception to the hearsay rule is "firmly enough rooted in [its] jurisprudence that ... a court need not independently inquire into the reliability of such statements."). Additionally, when the declarant is a co-conspirator, the party offering the statement need not demonstrate that the declarant is unavailable. <u>See</u> <u>United States v. Inadi</u>, 475 U.S. 387, 395-400, 106 S. Ct. 1121, 1128-29 (1986).

---

[8] In <u>Crawford</u> the Supreme Court held that testimonial hearsay evidence is generally inadmissible. <u>See</u> <u>Crawford v. Washington</u>, 541 U.S. 36, 54-57, 124 S. Ct. 1354, 1364, 1374 (2004). However, <u>Crawford</u> specifically explained that "statements in furtherance of a conspiracy" are "by their nature" not testimonial. 541 U.S. at 56, 124 S. Ct. at 1367. <u>See</u> <u>also</u> <u>Ferguson v. Roper</u>, 400 F.3d 635, 638-40 (8th Cir. 2005).

-24-

Accordingly, the Arizona Court of Appeals' conclusion that the challenged testimony was admissible was not objectively unreasonable. <u>See</u> <u>United States v. Allen</u>, 425 F.3d 1231, 1235 (9th Cir. 2005) (stating that "co-conspirator statements are not testimonial and therefore beyond the compass of Crawford's holding."); <u>Summers v. Dretke</u>, 431 F.3d 861, 875 (5th Cir. 2006); <u>Ferguson v. Roper</u>, 400 F.3d 635, 638-40 (8th Cir. 2005).

**4. Petitioner asserts the trial court violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process of law by denying a change of venue.**

In his federal habeas action, Petitioner argues that his Fifth and Sixth Amendment rights were violated by the trial court's failure to order a change of venue. Petitioner alleges that pretrial publicity precluded finding a fair and impartial jury and that seated jurors would "visit" the scene of the thwarted alleged crime because the courthouse was the alleged crime scene. Petitioner also maintains the state trial judge, Judge Conn, possessed "disputed evidentiary facts" gathered ex parte prior to Petitioner's arrest. Petitioner alleges Judge Conn "abdicated his courtroom security responsibilities to the jail, [and] was a witness to increased security measures and therefore could not fairly [p]reside over Petitioner's case." Docket No. 1 at 18-19.

In his direct appeal Petitioner argued that the trial court erred in denying Petitioner's pretrial motion for change of venue. <u>See</u> Answer, Exh. D at 25. However, Petitioner did not assert that this error was a violation of his federal

constitutional rights.  In denying the claim, the Arizona Court
of Appeals held that, because the record indicated the jurors
did not have preconceived notions about guilt, the trial court
did not abuse its discretion in denying the motion.  <u>Id.</u>, Exh.
E at 11.

In his pleading in support of this claim in his
counseled direct appeal, Petitioner did not assert that his
federal constitutional rights had been violated nor did he cite
to any federal legal opinion.  Petitioner did not "fairly
present" this claim in the state courts and the claim is
procedurally defaulted.  <u>See</u> <u>Peterson v. Lampert</u>, 319 F.3d 1153,
1156-59 (9th Cir. 2003); <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88
& n.17 (9th Cir. 2000).  Petitioner did not "fairly present"
this claim to any Arizona court as a violation of his federal
constitutional rights.  Because Petitioner has not shown cause
and prejudice regarding his procedural default of this claim,
the Court should not consider the merits of the claim.

**5. Petitioner maintains the trial court violated his Fourth and Fourteenth Amendment rights by denying his motion to suppress evidence.**

Petitioner is precluded from federal habeas relief on
the basis of any alleged violation of the Fourth Amendment.
Petitioner's Fourth Amendment claim is not cognizable in an
action for federal habeas relief because he had the opportunity
to litigate this claim in the state courts.  <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976).

A claim that the petitioner's Fourth Amendment rights
were violated does not provide a basis for granting federal

habeas relief from a state conviction if the petitioner had the opportunity "for full and fair litigation" of the claim in the state courts. See, e.g., Woolery v. Arave, 8 F.3d 1325, 1326-27 (9th Cir. 1993); Patterson v. Runnels, 288 F. Supp. 2d 1092, 1097-98 (C.D. Cal. 2003). The relevant inquiry is whether the petitioner was afforded a full and fair hearing of his claim in the state court, not whether the state court reached a correct decision regarding the legitimacy of the "search." See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994).

Petitioner raised the legitimacy of the search in his direct appeal. Because Petitioner had a full and fair opportunity to litigate this claim in the state courts, federal habeas relief may not be based on the claim.

**6. Petitioner argues the trial court erred by admitting into evidence two of the state's exhibits without proper disclosure to Petitioner. Petitioner asserts this violated his Sixth and Fourteenth Amendment rights.**

In Ground VI of the petition, Petitioner claims that his Sixth and Fourteenth Amendment rights were violated when the trial court admitted into evidence two letters allegedly handwritten by Petitioner, without proper disclosure of the evidence to the defense and without proper forensic handwriting analysis.

In his direct appeal Petitioner argued that the admission of this evidence violated the Arizona Rules of Evidence and, accordingly, that the admission of the evidence was an abuse of the trial court's discretion. This portion of

the appellate brief does not mention the United States

Constitution or cite to any published federal opinion.

> A petitioner fully and fairly presents a
> claim to the state courts if he presents the
> claim (1) to the correct forum,; (2) through
> the proper vehicle; and (3) by providing the
> factual and legal basis for the claim. Full
> and fair presentation additionally requires
> a petitioner to present the substance of his
> claim to the state courts, including a
> reference to a federal constitutional
> guarantee and a statement of facts that
> entitle the petitioner to relief.

Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009).

Petitioner did not "fairly present" this claim in the

state courts as alleging the violation of a constitutional right

and the claim is, therefore, procedurally defaulted.  See Wooten

v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008), cert. denied,

129 S. Ct. 1771 (2009).[9]  Because Petitioner has not shown cause

and prejudice regarding his procedural default of this claim,

the Court should not consider the merits of the claim.

---

[9]

> A claim is not "fairly presented" if the state
> court "must read beyond a petition or a brief ...
> in order to find material" that alerts it to the
> presence of a federal claim.  Baldwin, 541 U.S.
> at 32, 124 S. Ct. 1347 (concluding that a
> petitioner does not "fairly present" an issue for
> exhaustion purposes when the appellate judge can
> only discover the issue by reading a lower court
> opinion in the case).

Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008), cert. denied,
129 S. Ct. 1771 (2009).

-28-

**7. Petitioner contends his Sixth Amendment rights were violated because he proved by a preponderance of the evidence at the Rule 32 evidentiary hearing that his trial counsel ineffectively handled the last plea offer.**

The allegation that a state court erred in state post-conviction proceedings does not state a claim for federal habeas relief based on the argument that such an error is a violation of the petitioner's federal right to a fair trial or due process of law. See <u>District Attorney's Office for Third Judicial Dist. v. Osborne</u>, 129 S. Ct. 2308, 2320 (2009) ("Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided."); <u>Ortiz</u>, 149 F.3d at 941-42; <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989); <u>Sellers v. Ward</u>, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); <u>Jones v. Duncan</u>, 162 F. Supp. 2d 204, 217-18 n.21 (S.D. N.Y. 2001).

Petitioner has not established that Arizona's post-conviction relief procedures were fundamentally inadequate in protecting his substantive rights. Therefore, federal habeas relief is not warranted on the basis of this claim.

**8. Petitioner alleges his Sixth Amendment right to the effective assistance of counsel was violated because his trial counsel failed to object to the multiplicitous indictment before the start of trial.**

To state a claim for ineffective assistance of counsel, a petitioner must show that his attorney's performance was

-29-

deficient and that the deficiency prejudiced the petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See id.

To prevail on the merits of a habeas claim of ineffective assistance of counsel, "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner. An unreasonable application of federal law is different from an incorrect application of federal law." Woodford, 537 U.S. at 25, 123 S. Ct. at 360 (internal quotations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are *virtually unchallengeable*...." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066 (emphasis added).

To succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. See Tanner v. McDaniel, 493 F.3d 1135,

1144 (9th Cir. 2007); <u>Weaver v. Palmateer</u>, 455 F.3d 958, 970 (9th Cir. 2006).

Petitioner was not prejudiced by his counsel's deficient performance. To the extent that the indictment was multiplicitous, Petitioner does not stand convicted in violation of his right to be free of double jeopardy as one of his convictions was vacated upon appeal. Accordingly, Petitioner is not entitled to federal habeas relief from his standing convictions and sentences based on a claim that his counsel was ineffective with regard to a conviction that has been vacated.

**9. Petitioner asserts Judge Conn should have recused from Petitioner's post-conviction proceedings because he was a relevant witness to issues raised in the post-conviction proceedings and because he was biased and prejudiced. Petitioner alleges these errors violated his Sixth and Fourteenth Amendment rights.**

Petitioner arguably raised his federal habeas claim in his action for state post-conviction relief. In Arizona the state trial court judge who conducted the petitioner's trial is the initial judge before whom the petitioner's first state action for post-conviction relief is conducted. Petitioner's Rule 32 action asserted Petitioner had been denied the effective assistance of trial counsel. Petitioner filed a motion seeking the trial judge's recusal from Petitioner's Rule 32 proceedings. On April 22, 2004, an evidentiary hearing was held on this motion, before Judge Richard Weiss. <u>See</u> Answer, Exh. J. Petitioner's counsel called Judge Conn as a witness at this hearing, along with Judge Conn's court personnel and two detectives.

After conducting the hearing, Judge Weiss found that Petitioner had asserted that Judge Conn was a necessary witness to determine if Petitioner's trial counsel was ineffective in failing to move under Rule 10.1 of the Arizona Rules of Criminal Procedure for a change of judge for cause. Judge Weiss also found Petitioner had claimed Judge Conn could not be impartial with regard to Petitioner's Rule 32 claims due to the receipt of extra judicial information. See <u>id.</u>, Exh. K. Judge Weiss denied the portion of the motion raising the Rule 10.1 issue, concluding there was nothing in the record to demonstrate Judge Conn had "any relevant testimony" regarding whether trial counsel was ineffective, and had no "factual testimony to present on this issue." <u>Id.</u>, Exh. K.

Regarding the issue of Judge Conn's alleged bias, Judge Weiss denied Petitioner's motion for recusal, finding that Judge Conn was not a necessary and relevant witness with regard to extra judicial security communications and that the evidence did not demonstrate that Judge Conn was biased or prejudiced against Petitioner. <u>Id.</u>, Exh. K. Judge Weiss further found no "inference of impropriety by any of the security based extrajudicial information the Judge may have received" in the matter, and that judges "likely are entitled to know about threats concerning their person or their courtroom in advance. [The conversations at issue] do not appear to specifically implicate any particular defendant or codefendant." <u>Id.</u>, Exh. K. Accordingly, Judge Conn proceeded in Petitioner's Rule 32 proceedings, in which relief was denied.

To the extent this claim is cognizable in a section 2254 action, and to the extent Petitioner exhausted this claim in the state courts, Judge Weiss' decision was not clearly contrary to federal law.[10] To be entitled to relief on a claim that a judge was so prejudiced as to be violative of a habeas petitioner's federal constitutional right to due process of law, the petitioner must establish the judge's behavior rendered his trial fundamentally unfair. See, e.g., Duckett v. Godinez, 67 F.3d 734, 740 (9th Cir. 1995).

The determination of judicial bias is a factual question to which the federal courts defer on habeas review. See Villafuerte v. Stewart, 111 F.3d 616, 632 (9th Cir. 1997) (stating that state court's finding of lack of judicial bias was entitled to a presumption of correctness). To succeed on a judicial bias claim, a petitioner must "overcome a presumption of honesty and integrity in those serving as adjudicators." Withrow v. Larkin, 421 U.S. 35, 47, 95 S. Ct. 1456, 1464 (1975). The Supreme Court has stated that

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

---

[10] In his direct appeal Petitioner asserted Judge Conn should have recused himself from the trial because he could have been called as a witness. Petitioner did not assert this claim as a federal constitutional violation but as violation of state law nor is it the same claim raised in his federal habeas petition.

<u>Liteky v. United States</u>, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).

The determination of judicial bias is a factual question, and federal courts give deference to the state court's decision on such an issue when sitting in federal habeas review. <u>See</u> <u>Sechrest v. Ignacio</u>, 549 F.3d 789, 815 (9th Cir. 2008), <u>cert.</u> <u>denied</u>, 130 S. Ct. 243 (2009). Judge Weiss' determination that Judge Conn was not a necessary witness nor biased is entitled to deference. <u>Villafuerte</u>, 111 F.3d at 632. Judge Weiss' findings and credibility determinations are supported by the record, and are entitled to deference on habeas review. <u>See</u> <u>Ouska v. Cahill Masching</u>, 246 F.3d 1036, 1053 (7th Cir. 2001). The state court's resolution of Petitioner's claim was not contrary to, nor an unreasonable application of federal law.

**10. Petitioner alleges his Sixth Amendment right to the effective assistance of counsel was violated because his trial counsel failed to object to the jury instruction permitting the jury to find Petitioner guilty of conspiracy to commit acts of which Petitioner had no knowledge.**

As stated supra, to establish that his counsel was unconstitutionally ineffective Petitioner must establish that he was prejudiced by his counsel's defective performance. Petitioner has not established prejudice because the conspiracy conviction was vacated.

**11. Petitioner maintains his Fifth and Fourteenth Amendment rights were violated by his trial counsel's ineffective handling of the "the jury[']s guilty verdicts on both conspiracy charges".**

This claim argues that Petitioner's right to due process of law was violated because his counsel was

-34-

unconstitutionally ineffective.  As stated supra, to establish that his counsel was unconstitutionally ineffective Petitioner must establish that he was prejudiced by his counsel's defective performance.  Petitioner has not established prejudice because the conspiracy conviction was vacated.

**12.   Petitioner contends his trial counsel was unconstitutionally ineffective because counsel failed to interview a witness and failed to call the witness to testify at trial.**

In his petition for post-conviction relief, Petitioner claimed trial counsel was ineffective in failing to interview co-conspirator Dennis Schlinski, and call him as a witness at trial.  <u>See</u> Answer, Exh. L at 9.  Petitioner properly exhausted this claim by raising it in his petition for post-conviction relief, and his petitions for review to both the Arizona Court of Appeals and the Arizona Supreme Court.

In finding that Petitioner failed to make a colorable claim that trial counsel was ineffective in failing to call Schilinski as a witness, and finding that in fact calling Schilinski as a witness would have had no likely impact on the outcome of the case and probably would have enhanced the state's ability to show that a conspiracy in fact existed, the Court of Appeals stated:

> The [Petitioner] supports this claim with an affidavit from Schilinski in which he avows that he would have testified if requested at the [Petitioner]'s trial and that he would have testified that he never even knew the [Petitioner] until after they were both arrested and charged with conspiracy.
> . . . .
>
> Perhaps more to the point, testimony from

-35-

Schilinski that he did not know of or conspire with the [Petitioner], even if believed by the jury, would not have exonerated the [Petitioner] from guilt on the conspiracy charge. Under A.R.S. 13-1003 (B), a member of a conspiracy need not know the identity of other persons who are also members of the same conspiracy. The Court did not specifically instruct the jury in this case, but reading the conspiracy instructions that were given as a whole made it clear that there was no legal requirement that each party to a conspiracy had to know the identity of each other party to the conspiracy. The [Petitioner] and Schilinski could be members of the same conspiracy without each knowing of the other. Calling Schilinski as a defense witness would have had no likely impact on the outcome of this case and probably would have enhanced the State's ability to show that a conspiracy in fact existed. The [Petitioner] has failed to make a colorable claim for relief on his claim that trial counsel was ineffective for failing to call Schilinski as a defense witness.

Exh. M at 3-5.

This decision was not clearly contrary to federal law. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

**13. Petitioner argues that his Sixth Amendment rights were violated because his trial counsel failed to exclude hearsay testimony.**

Petitioner has not established prejudice with regard to this claim of deficient performance. The argument Petitioner contends his counsel should have raised was unlikely to be successful; the state trial court determined in Petitioner's collateral attack that the challenged testimony not hearsay. Accordingly, counsel's failure to object to the testimony was not unconstitutionally deficient. See <u>Rupe v. Wood</u>, 93 F.3d

1434, 1444-45 (9th Cir. 1996) (holding that counsel's failure to take a "futile action" can never be deficient performance).

**14.  Petitioner alleges he is entitled to relief pursuant to two Arizona state cases, i.e., <u>Evanchyk v. Stewart</u> and <u>Arizona v. Phillips</u>.**

In his state petition for post-conviction relief Petitioner argued he was entitled to relief pursuant to two Arizona Supreme Court cases, <u>Evanchyk v. Stewart</u>, 202 Ariz. 476, 47 P.3d 1114 (2002) and <u>Arizona v. Phillips</u>, 202 Ariz. 427, 47 P.3d 1048 (2002), which were decided while his direct appeal was pending.  Answer, Exh. L at 18.  However, rather than characterize this claim as a one seeking relief based on a violation of a federal constitutional right, Petitioner's counsel argued that Arizona law, i.e., <u>Evanchyk</u> and <u>Phillips</u>, required Petitioner's conviction be vacated.[11]

---

[11] In <u>Evanchyk v. Stewart</u>, 202 Ariz. 476, 47 P.3d 1114, 1115-16 (2002), the Arizona Supreme Court considered "whether one can be convicted of conspiracy to commit first-degree murder when the state does not prove that the killing was committed with premeditation but only that it occurred in the course and furtherance of committing one of the underlying felonies." <u>Id.</u>, 47 P.3d at 1117, 1119. The Arizona Supreme Court concluded that proof of intent to commit the underlying felony in a case of felony murder is not sufficient to support a conviction for conspiracy to commit first-degree murder. <u>Evanchyk</u>, 47 P.3d at 1117, 1119.  In reaching that conclusion, the court relied on state legal precedent to articulate the elements of conspiracy to commit premeditated first-degree murder as: "the state must prove that the defendant had the intent to promote the offense of murder and an agreement with another one that will do the actual killing." 47 P.3d at 1117.  In <u>Phillips</u>, the Arizona Supreme Court held the defendant could not be found guilty of premeditated murder based on accomplice liability because the evidence did not show that he intended to facilitate or aid in committing a murder.  <u>See</u> 202 Ariz. 427, 436, 46 P.3d 1048, 1057 (2002). However, the Supreme Court further held that the defendant had committed a felony and his accomplice in that felony had murdered in the course of and to further that felony and, accordingly, that the defendant was properly convicted of felony murder.

-37-

Even if Petitioner had properly exhausted the claim, Petitioner's situation is distinguishable from the petitioners in Evanchyk and Phillips. Petitioner was charged and convicted of conspiracy to commit premeditated first-degree murder, not conspiracy to commit felony murder or premeditated murder based on accomplice liability. In Petitioner's case the jury instructions required the jury to find both a specific intent to kill and an agreement to kill. The principle stated in Evanchyk, that proof of intent to commit the underlying felony in felony a murder case is not sufficient for a conspiracy to commit first-degree murder-does, not apply to Petitioner's situation. Accordingly, Petitioner's appellate counsel's failure to cite Evanchyk was neither deficient performance nor prejudicial and did not constitute ineffective assistance of counsel.

**15. Petitioner assert he is entitled to habeas relief because his Sixth and Fourteenth Amendment rights were violated by his trial counsel's failure to ensure Petitioner had a fair trial. Petitioner contends he did not get a fair trial because his trial counsel did not object to Petitioner being shackled in front of the jury.**

To receive federal habeas relief based on a claim that his right to due process of law was violated by being shackled without justification, the petitioner must show that the physical restraints "had substantial and injurious effect or influence in determining the *jury's verdict*..." Rhoden v. Rowland, 172 F.3d 633, 636 (9th Cir. 1999) (emphasis added); see also Holbrook v. Flynn, 475 U.S. 560, 568-69, 106 S. Ct. 1340, 1345 (1986). Additionally, even if the restraint was

unjustified or unexplained, to rise to the level of a constitutional trial error the petitioner must make a showing that he suffered prejudice with regard to the verdict. <u>See</u> <u>Ghent v. Woodford</u>, 279 F.3d 1121, 1132 (9th Cir. 2002); <u>Gonzalez</u> <u>v. Pliler</u>, 341 F.3d 897, 903 (9th Cir. Cir. 2003). <u>See also</u> <u>Dyas v. Poole</u>, 317 F.3d 934, 936-37 (9th Cir. 2003).

> A criminal defendant has a constitutional right to be free of shackles and handcuffs in the presence of the jury absent an essential state interest that justifies the physical restraints. [] A claim of unconstitutional shackling is susceptible to harmless-error analysis, however. [] An unjustified decision to restrain a defendant at trial requires reversal only if the shackles or handcuffs had "substantial and injurious effect or influence in determining the jury's verdict."

<u>Williams v. Woodford</u>, 384 F.3d 567, 591 (9th Cir. 2004).

Because the jury did not observe Petitioner in shackles until after a verdict was rendered, no constitutional error occurred. Accordingly, counsel's "failure" to object did not deprive Petitioner of his right to due process or a fair trial. Additionally, Petitioner has not established that counsel's alleged "failure" was prejudicial, i.e., that the jury would not have found him guilty but for counsel's failure to object and, accordingly, counsel's alleged failure did not deprive Petitioner of the effective assistance of counsel.

-39-

**16. Petitioner alleges his appellate counsel's performance was unconstitutionally deficient because counsel failed to effectively brief the issues of premeditation and specific intent in Petitioner's direct appeal. Petitioner alleges appellate counsel erred by failing to supplement his arguments with citations to <u>Evanchyk</u> and <u>Phillips</u>, which were decided while Petitioner's appeal was pending.**

Petitioner raised this argument in his counseled action for post-conviction relief. The Arizona Court of Appeals concluded appellate counsel's performance was not deficient nor prejudicial because reliance on either <u>Evanchyk</u> or <u>Phillips</u> would not have provided a basis for relief from Petitioner's convictions. This Court is bound by the state court's interpretation of it's own law. <u>See</u>, <u>e.g.</u>, <u>Butler v. Curry</u>, 528 F.3d 624, 642 (9th Cir. 2008). Accordingly, because the Arizona Court of Appeals found these cases would not have provided relief, Petitioner was not prejudiced by his counsel's alleged deficiency in failing to cite to <u>Evanchyk</u> or <u>Phillips</u>. <u>See George v. Smith</u>, 586 F.3d 479, 484 (7th Cir. 2009); <u>Amador v. Quarterman</u>, 458 F.3d 397, 412 (5th Cir. 2006)

### III Conclusion

Petitioner did not properly exhaust some of his federal habeas claims by fairly presenting them to the Arizona Court of Appeals as federal constitutional claims in a procedurally correct manner. Petitioner has procedurally defaulted the claims and has not shown cause for, nor prejudice arising from, his procedural default of these claims. Because Petitioner has not shown cause for, nor prejudice arising from, his procedural default of these claims, the claims must be denied. Additionally, with regard to the claims properly exhausted in

the state courts, Petitioner has not established that the state courts' decisions denying the claims were contrary to or an unreasonable application of federal law.

**IT IS THEREFORE RECOMMENDED** that Mr. Manning's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114,

1121 (9th Cir. 2003) (en banc).

   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

   Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

   DATED this 15th day of January, 2010.


_____
Mark E. Aspey
United States Magistrate Judge

-42-